# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-565V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * 
HUNTER HORSEY, *on behalf of,*
G.H., *a minor child,*

                        Petitioner,

    v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                    Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: July 12, 2017

Attorney's Fees and Costs;
Reasonable Basis; Insufficient
Supporting Documentation to
Ascertain Reasonable Basis

*Isaiah R. Kalinowski*, Maglio, Christopher and Toale, PA, Washington, DC, for Petitioner.

*Camille M. Collett,* U.S. Dep't of Justice, Washington, DC for Respondent.

## DECISION DENYING MOTION FOR ATTORNEY'S FEES AND COSTS[1]

On May 11, 2016, Hunter Horsey ("Petitioner") filed a petition on behalf of his minor child, G.H., seeking compensation under the National Vaccine Injury Compensation Program, ("the Vaccine Program")[2]. Petitioner alleged that G.H. was injured by receipt of the Diphtheria-Tetanus-acellular Pertussis, measles-mumps-rubella, varicella, pneumococcal conjugate, Hepatitis

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)). References herein to sections of the Vaccine Act shall omit the statute's prefix.

B, and polio vaccines on May 6, 2013, and July 8, 2013. Petitioner never filed any medical records in this case, and then on October 6, 2016, moved for dismissal of his claim pursuant to Rule 21(a) (ECF No. 8). I subsequently issued an Order concluding proceedings on October 7, 2016. ECF No. 9.

Petitioner has now filed a motion for final attorney's fees and costs, requesting a combined amount of $9,385.09. Motion for Attorney's Fees and Costs, dated April 5, 2017 (ECF No. 11) ("Fees App."). Respondent has opposed the fees motion, arguing that there is insufficient documentation to judge the claim's reasonable basis, as no records or other supporting materials have ever been filed. For the reasons stated below, I hereby **DENY** Petitioner's request for fees and costs.

## Background

At the very outset of the case's initiation in May 2016, Petitioner acknowledged that the claim was being filed on the eve of expiration of the Vaccine Act's three-year limitations period (since it alleged a May 2013 vaccination as partially causal of the complained-of injuries), and was therefore based solely on Petitioner's own representations rather than medical records or other documentation. Pet. at 1; Section 16(a)(2). Counsel thereafter received and reviewed the relevant medical records, although they were not filed. After consultation with Petitioner, it was determined that the claim was not viable, and therefore Petitioner requested its dismissal within five months of the petition's filing.

Six months later, Petitioner filed the present motion for final attorney's fees and costs. *See generally* Fees App. In it, he requests an award of $9,385.09 in attorney's fees and costs, representing $8,940.50 in fees, plus $444.59 in costs. The fees motion was not accompanied by any of the underlying records relevant to the claim, however. Respondent opposed the fees application on April 14, 2017. ECF No. 12 ("Opp."). Respondent argues that the claim's reasonable basis (a prerequisite for *any* fees award in an unsuccessful case) cannot be ascertained based on the existing record – which is completely devoid of medical records or proof of vaccination – and therefore the fees request should be denied. Opp. at 2.

Petitioner thereafter filed a reply on April 24, 2017. ECF No. 13 ("Reply"). Petitioner maintains that denying fees in cases similar to the one at issue would result in petitioners being denied experienced Vaccine Program lawyers, as there is no incentive for attorneys to represent clients in cases filed close to the limitations deadline when there is a risk of not being paid for their work, and would therefore go against Vaccine Program policy interests. Reply at 3. Petitioner notes further that there were extenuating circumstances that delayed analyzing the case's viability, such as the need to determine who could act as G.H.'s representative (given an underlying custody suit). *Id.* at 4. Counsel thereafter acted diligently to review the relevant documents, promptly

requesting dismissal after that review was complete. *Id.* at 4-5. Like the fees motion, the Reply also did not include any records relevant to the case's basis.

Following these filings, I held a status conference on May 8, 2017, at which I urged the parties to resolve the fees dispute on their own, but they were unsuccessful. Thus, on May 31, 2017, I issued an order stating that I could not render a reasonable basis assessment on the existing record (which was nonexistent). ECF No. 15. I ordered Petitioner to file documents sufficient to substantiate the claim's reasonable basis. *Id.*

Petitioner did not do so. Instead, on June 16, 2017, Petitioner filed a five-page affidavit from his attorney, Mr. Isaiah Kalinowski, Esq. Ex. 6 to Fees App. (ECF No. 16) ("Kalinowski Aff."). Mr. Kalinowski's affidavit reiterates, albeit in greater detail, points previously made about the case – that Petitioner contacted him at the end of the statute of limitations period, that Petitioner appeared to be sincere in his recollection of the vaccination and G.H.'s subsequent injury (and hence acted in good faith), and that counsel undertook a full analysis of the claim after medical records were obtained. Kalinowski Aff. at 1-3.

The affidavit ventures an explanation for the failure to file medical records, attributing it in part to a custody dispute involving G.H. Kalinowski Aff. at 3. Because of the "sensitive nature" of that dispute, and after Petitioner was informed that the claim was likely not viable, Petitioner asked for "expeditious dismissal" in order to evade a written decision that could disclose facts relevant to G.H.'s medical condition. *Id.* at 4. The affidavit states that were I to review the relevant records, I would concur in counsel's assessment that the claim was not viable, but that these records do not bear on the claim's reasonable basis "during the interval prior" to their being obtained. *Id.* at 4 ¶ 17. The affidavit provides no direct justification under the Act or Vaccine Rules for refusing to file the relevant records, but indicates that based upon the "expressed instructions" of Petitioner they shall remain unfiled unless I determine that I cannot resolve reasonable basis without them and order their filing (in which case "they will be filed"). *Id.* at 5.

On June 30, 2017, Respondent reacted to Petitioner's filing. ECF No. 17 ("Second Opp."). Respondent argues that the affidavit is not the documentation that I ordered, nor does it provide sufficient grounds upon which to judge the claim's reasonable basis. Second Opp. at 2. Respondent also notes that a case Petitioner relies on in which reasonable basis was at issue, *Hippo v. Sec'y of Health & Human Servs.*, No. 10-642V, 2012 WL 1658252 (Fed. Cl. Spec. Mstr. Apr. 18, 2012), is distinguishable, as in that case the petitioner *did* file medical records allowing the special master to determine the reasonableness of the claim at issue. *Id.* Thus, Respondent repeats, no award is appropriate as Petitioner has never offered any objective evidence that would permit a finding of reasonable basis for filing the claim. *Id.* at 3-4.

## ANALYSIS

I have in prior decisions set forth at length the relevant legal standards governing attorney's fees awards in unsuccessful cases, and in particular the criteria to be applied when determining if a claim possessed "reasonable basis."[3] *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.,* No. 15-485V, *slip op.* at 4-5 (Fed. Cl. Spec. Mstr. May 26, 2016); *Gonzalez v. Sec'y of Health & Human Servs.,* No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). A petitioner must demonstrate reasonable basis for the claim's filing through some evidentiary showing and in light of the totality of the circumstances. The nature and extent of counsel's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)). Further, factors such as "'the factual basis, the medical support, jurisdiction issues,' and the circumstances under which a petition is filed" can be considered. *Chuisano v. United States*, 116 Fed. Cl. 276, 288 (2014) (citing *Di Roma*, 1993 WL 496981, at *1).

Here, the baseline requirements for substantiation of any Vaccine Act claim are especially pertinent. As the Act provides, petitions are to be accompanied by "supporting documentation" establishing entitlement, such as "vaccination records associated with the vaccine allegedly causing the injury, pre- and post-injury physician or clinic records." Sections 11(c)(1) and (2). Entitlement determinations may not be made "based on the claims of a petitioner alone, unsubstantiated by medical records or medical opinions." Section 13(a)(1)(B). These requirements (consistent with the requirement that reasonable basis be established by evidence) mean that *some* supporting documentation of a claim must always be offered if the claim is ever to be viable (and in turn, to possess sufficient reasonable basis to prosecute). Indeed, the failure to submit any evidence precludes a finding of reasonable basis, as the petitioner effectively cannot meet his burden of proof in the first place. *Chuisano*, 116 Fed. Cl. at 286.

In this case, *no* documentation – no proof of vaccination, no proof of injury – supporting Petitioner's claim has ever been filed. I am thus deprived of the grist necessary to conduct the analysis vested to me as a special master to determine if Petitioner's claim had sufficient reasonable basis to award fees despite the claim's dismissal. And that evidentiary hole simply

---

[3] Although good faith is the other criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is easily established. Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith). And I otherwise find that counsel's explanations for the circumstances in which the claim was initiated bulwark this conclusion (even though counsel cannot otherwise establish reasonable basis overall simply through his personal sworn statements).

cannot be filled with counsel's assurances that such documentation exists – any more than such assurances would be sufficient to establish entitlement itself.[4] The fees request must therefore be denied.

Petitioner's arguments about the relevance of a looming limitations cut-off to the reasonable basis analysis are misplaced. It is true that when determining if a lawyer should receive fees for work in a case dismissed not long after filing, special masters frequently give weight to the fact that the claim may have been filed hastily in order to avoid being untimely. *See, e.g.*, *Curran v. Sec'y of Health & Human Servs.*, 130 Fed. Cl. 1, 8 (2017); *Hippo*, 2012 WL 1658252; *McNett v. Sec'y of Health & Human Servs.*, No. 99-684V, 2011 WL 760314, at *7 (Fed. Cl. Spec. Mstr. Feb. 4, 2011) (citing *Hearell v. Sec'y of Health & Human Servs.*, No. 94–1420V, 1993 WL 129645, at *1 (Fed. Cl. Spec. Mstr. Apr. 6, 1993) ("[b]ecause of the time constraints, it was reasonable for the petitioner to file an incomplete petition in this case")); *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("a filing on the eve of the running of the statute of limitations may be supported by less information than would be expected if counsel had more time to conduct a pre-filing investigation of the factual underpinnings and the medical basis for a vaccine claim").

But the claimants in such cases ultimately *did* file records to illustrate their claim's basis. *See, e.g., Hippo*, 2012 WL 1658252, at *1-2 ("thereafter, petitioner's counsel filed a number of medical records in support of his client's claim."). Where this has not occurred, attorney's fees and costs have been properly denied. *See Simmons v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 579, 583 (2016) (special master erred in finding reasonable basis for filing claim, where counsel produced no supporting evidence at the time of filing or in the five months before the case was dismissed); *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 152 (2012) (special master's finding of reasonable basis to award fees was in error when he was unable to cite any allegations of injury or causation, medical records, or legal authority to support his finding); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-564V, 2005 WL 1026714 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (no reasonable basis where petitioner submitted one affidavit and no other records). Again – without any evidence at all other than counsel's say so, I cannot evaluate reasonable basis, and therefore cannot award fees.

Petitioner's privacy concerns are also not a compelling reason to excuse the non-filing of the underlying records. The Vaccine Program contains numerous protections for keeping the facts

---

[4] Petitioner's assertion that the unfiled records are not relevant to the reasonable basis analysis, since all billing performed in this case occurred prior to counsel's obtaining and review of the records, is particularly galling. Kalinowski Aff. at 4 ¶ 17. As noted, the reasonable basis inquiry considers the "totality of the circumstances," and thus the records bear on a case's reasonable basis regardless of when they are obtained and when an attorney ceased billing for a matter. In any event, reasonable basis is a determination reserved to the special master (who is empowered to award fees) – not counsel – and attorneys who wish to be paid for work in dismissed cases should know better than to ask a special master to take their word that the claim had reasonable basis.

of a claim private, from initializing the names of minors to the confidential manner in which records filed in a case are treated. In addition, petitioners may (as the first page of this Decision explicitly states) request redaction of a decision's contents, thereby obtaining an additional layer of protection. But sooner or later, claimants *must* file corroborative and supporting documentation if they hope to obtain an entitlement award – and only upon such documentation may reasonable basis be assessed. The generalized desire to maintain privacy cannot be invoked herein to excuse that failure, and Petitioner has cited no law or controlling precedent indicating that withholding documents is acceptable.

Counsel's affidavit proposes a willingness to file the relevant records at some unspecified time, if only if I were to so order that it be done. Kalinowski Aff. at 5 ¶ 21. Some might interpret my May 31st Order to be the very judicial edict that counsel envisions – raising the question why yet another order is necessary. But Petitioner has already been afforded ample opportunities to substantiate a fees request initiated months ago. ECF No. 15. In a case dismissed within six months of filing, and where fees were sought just before expiration of the 180-day period afforded by Vaccine Rule 13(a) in which to act, Petitioner is not entitled to even more time to file the kinds of records that claimants routinely file in Vaccine Act cases at their outset.[5]

As I noted in my order dated May 31, 2017, the failure to submit evidence to establish reasonable basis carries consequences. ECF No. 15, *citing Chuisano,* 116 Fed. Cl. at 286. That consequence here is a denial of the requested attorney's fees and costs.

## CONCLUSION

In accordance with the foregoing, I hereby **DENY** an award of attorney's fees and costs. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Given my determination that the time to file such records has long passed, Petitioner is admonished not to attempt to do so after this Decision issues, whether accompanying a motion for reconsideration or otherwise. Such records would not constitute grounds for reconsideration of my decision in any event. *See System Fuels, Inc. v. United States,* 79 Fed. Cl. 182, 184 (2007) (among the grounds under United States Court of Federal Claims Rule 59 for reconsideration is the filing of "previously unavailable evidence").

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.